UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JUN 03 2009

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| NORTH STAR MUTUAL INSURANCE COMPANY, a Minnesota Corporation, | CIV. 08-4131 MEMORANDUM OPINION AND ORDER GRANTING MOTION TO AMEND AND REQUEST FOR JURY TRIAL |
| Plaintiff, | |
| vs. | |
| NICHOLAS ANTONIE, | |
| Defendant. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

On August 11, 2008, Defendant Nicolas Antonie (Antonie) removed to this Court a declaratory judgment action brought in State Court by Plaintiff North Star Mutual Insurance Company (North Star). Antonie then filed a counterclaim requesting declaratory judgment entitling him to policy limits to his property which was damaged by fire. After considering motions for summary judgment from both parties, this Court concluded that genuine issues of material fact existed precluding either party from being entitled to summary judgment on the issues of whether pre-loss intentional concealment or misrepresentation would retroactively void or rescind the policy in issue, and whether Antonie violated the cooperation clause so as to forfeit his rights under the policy. Doc. 29.

North Star has now moved this Court for leave file its Answer to Antonie's counterclaim to add more specific factual allegations, allege breach of contract and as Plaintiff and Counterdefendant demands a jury trial. Doc. 31. Antonie is resisting the request to amend and the request for jury trial. Doc. 32.

## DISCUSSION

"The Federal Rules of Civil Procedure liberally permit amendments to pleadings." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000); *see also* Fed. R. Civ. P. 15(a). Leave to amend should normally be granted absent good reasons to the contrary. *See Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). "A district court can refuse to grant leave to amend a pleading only where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Dennis*, 207 F.3d at 525 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A motion to amend a complaint should be denied on the merits only if it asserts clearly frivolous claims. In addition, the likelihood of success on the new claim is not a consideration

for denying leave to amend to add a claim unless the claim is clearly frivolous. *Becker v. University of Nebraska, at Omaha*, 191 F.3d 904, 908 (8th Cir.1999).

Antonie contends that the law of the case doctrine precludes North Star from alleging facts that it relied on when it was unsuccessful on its motion for summary judgment. However, none of the cases cited by Antonie regarding the law of the case doctrine dealt with a previous unsuccessful motion for summary judgment, and the Court is not persuaded that the law of the case doctrine applies in this case so as to preclude amendment of the pleadings.

Antonie also contends that the request to add the jury demand should be denied because North Star never requested a jury trial in state court and failed to meet the requirements of FED. R. CIV. P. 38(b)[1] and 81 (c)(3)(B)(ii).[2] Although the Court agrees that North Star failed to make a timely demand for jury trial under these rules, the Court concludes that it can and should construe North Star's motion as one for discretionary relief under FED. R. CIV. P. 39(b). *See Ramirez-Suarez v. Foot Locker Inc.*, 2009 WL 1097512 (D.Puerto Rico March 23, 2009). Rule 39(b) provides: "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." The Eight Circuit Court of Appeals has noted that courts "ought to approach each application under Rule 39(b) with an open mind." *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980)(quoting 9 C. WRIGHT & A. MILLER, FEDERAL

---

[1] FED. R. CIV. P. 38(b) provides:
> On any issue triable of right by a jury, a party may demand a jury trial by:
> (1) serving the other parties with a written demand--which may be included in a pleading--no later than 10 days after the last pleading directed to the issue is served; and
> (2) filing the demand in accordance with Rule 5(d).

[2] FED. R. CIV. P. 81 (c)(3) provides:
> (A) *As Affected by State Law*. A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time. The court must so order at a party's request and may so order on its own. A party who fails to make a demand when so ordered waives a jury trial.
>
> (B) *Under Rule 38*. If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 10 days after:
> (i) it files a notice of removal; or
> (ii) it is served with a notice of removal filed by another party.

2

PRACTICE AND PROCEDURE § 2334, at 116 (1971)). In addition, the Eighth Circuit has also recognized that "jury trials ought to be liberally granted when no prejudice results." *Id.* In *Credit Bureau of Council Bluffs, Inc. v. Credit Bureau Data Centers, Inc.*, 143 F.R.D. 206, 212 (S.D.Iowa 2001), the district court identified the following five factors that should be considered in the exercise of discretion under Rule 39(b):

> (1) whether the case involves issues which are best tried to a jury;
>
> (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
>
> (3) the degree of prejudice to the adverse party;
>
> (4) the length of the delay in having requested a jury trial; and
>
> (5) the reason for the movant's tardiness in requesting a jury trial.

The factual disputes in the case at hand should be tried to a jury. Although the request for jury trial was not timely made, it was made early in the case. The Court does not find that Antonie will be prejudiced or that the Court's schedule will be disrupted by granting North Star's request for a jury trial. There should be no additional delay in movant having requested a jury trial. The fifth factor is the only one which does not support Plaintiff's request for a jury trial. Plaintiff has offered reasons, but no good reasons for its tardiness in requesting a jury trial. The issues that remain were there from the onset of the case as Plaintiff and Counterdefendant in its original Answer to the counterclaim alleged among other things that "Defendant 's counterclaim is barred by his breach of the insurance contract .... " Despite the action being called a declaratory judgment action, it could have been a jury trial from the outset. Despite the lack of any good reason for the tardiness of the jury trial request, the other factors in favor of granting the request warrant a jury trial. Accordingly,

> **IT IS ORDERED** that North Star's motion to amend its Answer to Antonie's counterclaim and request for a jury trial are granted.

Dated this 3rd day of June, 2009

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Colleen Schulte*
(SEAL)    DEPUTY